The opinion of the Court was delivered by
Fenner, J.
The City of New Orleans sues the defendant for a license of fifty dollars for the sale of liquor, in less quantities than a pint, at his confectionery.
The defense is that defendant has paid his license for his confectionery; that it is part of the business of confectionaries, as conducted in New Orleans, to sell absynth, vermouth and other liquors, by the drink, for the accommodation of their customers, and that this privilege is covered by the license to carry on the business of a confectionery.
If such a custom prevails, it is very clear that it cannot avail to make the business of selling liquors by the drink a part of the business of a confectioner. It would simply establish the prevalence of a custom in this City, among confectioners, to combine with that business the separate and distinct business of a barroom or drinking saloon.
A confectionery, as defined by Webster, is “aplace where sweetmeats and similar things are made and sold.” By no possible stretch of construction can it be held to include the selling of liquors by the drink.
The terms of the ordinance, under which the license is imposed, are as follows: “ For every restaurant, oyster house, confectionery, barroom, cabaret, coffee house, café, beer saloon, liquor exchange, drinking saloon, grog-shop, or other place where anything to be drank or eaten is sold, etc., * * * provided, that no establishment selling or giving away any spirituous wines or malt liquors in less quantities than one pint, shall pay less than fifty dollars.”
We think it might be contended that the business of a barroom or drinking saloon covered the business of a confectionery, with quite as much force as sustains the reverse contention supported by defendant.
It is especially provided in the law, that “when two or more kinds of business are combined, there shall be a separate license required for each kind of business.”
Such is the precise case here.
*669 Defendant further sets up, as a bar to the City’s claim, that his license reads: “Received from J. Jane, tbe sum of $75, for license to carry on the business of confectionery and liquors, etc., No. 164 Canal street.” Tbe City cannot be estopped from claiming ber lawful dues by such a blunder of a subordinate agent.. The receipt serves to show that the term, confectioner!/, by itself, was not. considered to cover tbe business of selling liquors, without express mention of the latter.
This case is similar, in principle, to that of State vs. Holmes, 28 A. 765, and the reasons there set forth are applicable here.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from he annulled, avoided and reversed, and it is now adjudged that plaintiff have judgment condemning defendant to pay the license claimed, viz: the sum of fifty dollars with interest at ten per cent, per annum from March 1st, 1881, until paid, defendant and appellee to pay costs of the lower court and of this appeal.
Levy, J., absent.